UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

NANCY M.,

    **Plaintiff,**

v.

NANCY A. BERRYHILL,
**Deputy Commissioner for Operations performing the duties and functions not reserved to the Commissioner of Social Security,**

    **Defendant.**

Case No. 18-2230

REPORT AND RECOMMENDATION

Plaintiff Nancy M. seeks review under 42 U.S.C. § 405(b) of the Social Security Administration's (SSA) denial of her request that the Administration waive recovery of an overpayment of Supplemental Security Income (SSI) that she incurred due to excess resources. The parties filed cross motions for summary judgment. For the reasons explained below, the Court recommends that Plaintiff's Motion for Summary Judgment **(#14)** be **DENIED**, Defendant's Motion for Summary Judgment **(#15)** be **GRANTED**, and that the Administration's decision be affirmed.

**I.     Background**

Plaintiff is an individual who began receiving SSI benefits on November 1, 1990. On December 6, 2016, the SSA issued a notice informing Plaintiff that she was overpaid benefits in the amount of $19,034.00 from November 1, 2014, to December 31, 2016. The field office found that Plaintiff was overpaid because Plaintiff had excess resources that she failed to report, and her benefits were terminated. (R. 38).

On July 26, 2017, an administrative law judge (ALJ) held a video hearing, during which Plaintiff testified. Following the hearing, the ALJ issued a decision (R. 35-41) finding Plaintiff "at fault" for the overpayment she incurred and, for that reason,

determined that the SSA would not waive recovery of the overpayment. The Appeals Council denied Plaintiff's request for review on August 9, 2018, making the ALJ's ruling the Commissioner's final decision.

## II.     Standard of Review

The court reviews a decision denying benefits to determine only whether the ALJ applied the correct legal standards and whether substantial evidence supports the ALJ's decision. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Walker v. Berryhill*, 900 F.3d 479, 482 (7th Cir. 2018) (*quoting Richardson v. Perales*, 402 U.S. 389, 401 (1971)). When reviewing the administrative record, the Court does not "reweigh the evidence or substitute [its] judgment for that of the ALJ." *Chavez v. Berryhill*, 895 F.3d 962, 968 (7th Cir. 2018). Importantly, "the ALJ must 'build a logical bridge from the evidence to her conclusion, but he need not provide a complete written evaluation of every piece of testimony and evidence.'" *Id.* (*quoting Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005).

## III.    Analysis

The only issue before the ALJ (and thus the only issue before this Court) is whether Plaintiff is "at fault" for an overpayment of SSI benefits in the amount of $19,034.00 she received from November 2014 to December 2016.

Under Title XVI of the Social Security Act, individuals who have limited income and resources may qualify for SSI. 42 U.S.C. § 1382. The regulations define "resources" as "cash or other liquid assets or any real or personal property that an individual . . . owns and could convert to cash to be used for his or her support and maintenance." 20 C.F.R. § 416.1201(a). The aggregate resource limit for an unmarried individual is $2,000 and each individual who is found eligible for SSI must report any change in resources. 20 C.F.R. § 416.1205; 20 C.F.R. §416.708(d).

Additionally, income or resources available to an individual that may be used for food or shelter may reduce the individual's monthly SSI benefit. *See* 20 C.F.R. Pt. 416, Subpt. D, K-L.

An overpayment of SSI benefit occurs whenever an individual receives money from the SSA to which she is not entitled. 42 U.S.C. § 404. While the term "overpayment" encompasses a range of different circumstances, the individual's need to repay "is not punitive in nature." *Watson v. Sullivan*, 940 F.2d 168, 172 (6th Cir. 1991). Rather, a mistake occurred and the beneficiary has t0 make the public whole. *Id.*

Thus, when an overpayment occurs, the SSA will seek to recover it. 42 U.S.C. § 404(a)(1). As the ALJ noted, waiver of adjustment or recovery of an overpayment may be granted when the claimant was without fault in connection with an overpayment, and adjustment or recovery of such overpayment would either defeat the purpose of Title XVI, be against equity and good conscience, or impede efficient administration of Title XVI due to the small amount involved. 20 C.F.R. 416.550 and 416.551.

"Without fault relates only to the situation of the individual seeking relief from adjustment or recovery of an overpayment." 20 C.F.R. § 416.552. "The overpaid individual . . . is not relieved of liability and is not without fault solely because the Social Security Administration may have been at fault in making the overpayment." *Id.*

"Whether an individual is without fault depends on all the pertinent circumstances surrounding the overpayment in the particular case." *Id.* In determining whether an individual is at fault:

> The Social Security Administration considers the individual's understanding of the reporting requirements, the agreement to report events affecting payments, knowledge of the occurrence of events that should have been reported, efforts to comply with the reporting requirements, opportunities to comply with the reporting requirements, understanding of the obligation to return checks which were not due, and ability to comply with the reporting requirements (e.g., age, comprehension, memory, physical and mental condition).

*Id.*

"In determining whether an individual is without fault based on a consideration of these factors, the Social Security Administration will take into account any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) the individual may have." *Id.*

An individual will be considered to be "at fault" in connection with an overpayment when an incorrect payment resulted from one of the following:

> (a) Failure to furnish information which the individual knew or should have known was material;
> (b) An incorrect statement made by the individual which he knew or should have known was incorrect (this includes the individual furnishing his opinion or conclusion when he was asked for facts), or
> (c) The individual did not return a payment which he knew or could have been expected to know was incorrect.

*Id.*

The burden is on the individual who seeks a waiver to establish that she is without fault. *Banuelos v. Apfel*, 165 F.3d 1166, 1170 (7th Cir. 1999). If the individual fails to prove that she is without fault, the inquiry is over and the Court need not consider whether the adjustment or recovery would defeat the purpose of the Act or be against equity and good conscious. *See Yankun v. Barnhart*, 473 F. Supp. 2d 147, 150 (D. Mass. 2006).

As noted, the only issue before this Court is whether Plaintiff is "at fault" for an overpayment of SSI benefits she received between November 2014 and December 2016. Plaintiff started receiving SSI benefits in 1990. (R. 40). In July 2005, Plaintiff sold her home for $110,520.00. *Id.* Plaintiff alleged (and the agency accepted) that all of this money had been spent by December 2005. *Id.* Thus, the 2005 sale of Plaintiff's first home is a non-issue in this case, other than to show that Plaintiff had knowledge of the reporting requirements as well as the requirement that she spend down any cash on hand to remain eligible for benefits. *See* 20 C.F.R. § 416.552.[1]

In October 2016, Plaintiff purchased a building housing a church in Watseka, Illinois, for the price of $20,267.50. (R. 40). It is this purchase that created the overpayment that forms the basis of this case.

---

[1] Plaintiff's Motion for Summary Judgment (#14) argues that she properly documented the 2005 sale and therefore should not have to pay back the overpayment. Plaintiff's Motion for Summary Judgment, d/e #14, pgs. 3-5. However, as the ALJ found that Plaintiff had properly documented the sale and appropriately spent down the cash in 2005, (R. 40) the ALJ only considered the period of November 2014 through November 2016 when determining the overpayment at issue in this case. (R. 40-41).

In November 2016, Plaintiff reported the real property purchase to the SSA. While a person's home that she lives in is an exception to the SSI resource limit of $2,000,[2] Plaintiff has admitted that the church building was not her primary residence. (R. 248). Instead, Plaintiff maintained a separate address in Milford, Illinois, which she used as her primary residence. *Id.* Because the church building was not Plaintiff's primary residence, the ALJ properly found that the new church building (and the money used to purchase it) was considered a resource. *See* 20 C.F.R. § 416.1201(a) (stating that a resource is "cash or other liquid assets or any real or personal property that an individual . . . owns and could convert to cash to be used for his or her support and maintenance.")

The ALJ further noted that Plaintiff admitted in letters to the agency and at her hearing that she had cash for the church building that she had been saving, as well as money she received from others to raise money to purchase the building. (R. 242). Plaintiff further admitted that she sold items in her house to raise cash for the church building purchase, including items the previous owner of her home left behind that she subsequently sold to raise cash to buy the building. (R. 240).

It would appear, based on Plaintiff's testimony, that she was able to raise all the money needed to purchase the church building from selling items in her house over several years, as well as asking other people for money. (R. 251). When the ALJ asked Plaintiff how she came up with $20,000.00 to purchase a building if she was barely surviving on SSI, Plaintiff repeatedly responded by telling the ALJ that it was "a miracle" and "pure luck." (R. 253). Plaintiff stated on multiple occasions that she understood that she was required to report any changes in her financial situation to the SSA. *See* (R. 252).

Based on all the available evidence, the ALJ concluded that Plaintiff was "at fault" for failing to furnish information to the SSA that she knew or should have known was material to her financial condition. (R. 41); 20 C.F.R. § 416.552. As the ALJ noted, Plaintiff had $20,000.00 that she failed to report to the SSA, and then used that money to purchase a piece of real property (the church) that would not be used as her primary residence. As

---

[2] https://www.ssa.gov/ssi/text-resources-ussi.htm

the ALJ further noted (and Plaintiff acknowledged), Plaintiff has known since at least 2009[3] that she had to report any money received if the value of her resources exceeded $2,000.00. *See* Plaintiff's Motion for Summary Judgment, d/e #14, pg. 1 (acknowledging that she received and read "the rule book" in 2009). Plaintiff demonstrated this knowledge by reporting the purchase of the church building to the SSA shortly after it happened. *Id.* (stating she told SSA about the building purchase in accordance with "the rules.")

Based on the foregoing, the ALJ has supported her decision with substantial evidence. Plaintiff primarily argues that she did not do anything wrong by purchasing a building. While this may be true, this is not the proper inquiry. *See Watson*, 940 F.2d at 172 (stating that the individual's need to repay "is not punitive in nature."). As the ALJ correctly concluded, Plaintiff is "at fault" for obtaining money through the sale of various items and donations and then failing to report that money to the SSA when the value of her resources exceeded $2,000. Plaintiff could have used the $20,000.00 she obtained from selling the items for her own "support and maintenance." 20 C.F.R. § 416.1201(a). Instead, Plaintiff chose to use the money to purchase a piece of real property that would not be used as her primary residence, and thus considered a resource.

Accordingly, while there is nothing "wrong" with Plaintiff purchasing a church building, the ALJ correctly determined that the fault lies with Plaintiff obtaining money she could have used to support herself, saving that money for multiple years, failing to report the money to the SSA as she obtained it, and then using the money to purchase a resource that was not her primary residence. *See* 20 C.F.R. § 416.1201(a); 20 C.F.R. § 416.1205; 20 C.F.R. §416.708(d).

Additionally, as the ALJ noted, when determining whether Plaintiff was "at fault" for the overpayment, the ALJ was required to consider Plaintiff's understanding of the reporting requirements, the agreement to report events affecting payments, Plaintiff's knowledge of the occurrence of events that should have been reported, and Plaintiff's

---

[3] As noted, Plaintiff had been receiving SSI benefits since 1990. Thus, it is likely that Plaintiff knew of the reporting requirements for multiple years prior to acquiring the money to purchase the church building.

efforts to comply with the reporting requirements, among other things. 20 C.F.R. § 416.552. Plaintiff acknowledged that she understood the reporting requirements and demonstrated the same by reporting the purchase of the church building to the SSA. Plaintiff's Motion for Summary Judgment, d/e #14, pg. 1. Moreover, the ALJ also noted that Plaintiff spent down the cash she had on hand from the 2005 sale of her house, demonstrating that Plaintiff knew she was required to spend down any cash in excess of $2,000.00 in order to stay eligible for SSI benefits. (R. 40). Thus, the ALJ built an accurate and logical bridge between the evidence and her conclusion that Plaintiff was (or should have been) aware of the reporting requirements.

Plaintiff presents multiple arguments in her Motion for Summary Judgment that are not at issue in this case. For example, Plaintiff requests that the Court restore her SSI benefits due to her various medical conditions. Plaintiff's Motion for Summary Judgment, d/e #14, pg. 1. As the Commissioner points out, this is not at issue in this case as the only question is whether Plaintiff was at fault in incurring an overpayment that resulted from excess resources that made her otherwise ineligible for SSI.

Plaintiff also argues that the ALJ's decision should be overturned because Plaintiff is experiencing financial hardship and adverse living conditions. Plaintiff's Motion for Summary Judgment, d/e #14, pgs. 2-4. Plaintiff's financial condition, however, can only be considered once it is first determined that Plaintiff is not at fault. 42 U.S.C. § 404(b). Because the Court finds that the ALJ reasonably determined that Plaintiff was at fault for the overpayment she incurred, the Court cannot consider Plaintiff's financial hardship argument.

Finally, Plaintiff argues that she formed a non-profit organization to which she has quit-claimed the church building, and that she derives no income from the church building. Plaintiff's Motion for Summary Judgment, d/e #14, pg. 2. As the ALJ pointed out, Plaintiff quit-claimed the church building and formed her non-profit *after* the period for which the overpayment was assessed. (R. 41). The ALJ's decision addressed only the overpayment itself, and expressly stated that the decision does not affect Plaintiff's eligibility for benefits going forward. *Id.* That Plaintiff no longer owns the piece of real

property at issue does not impact whether Plaintiff obtained resources that she failed to report during the relevant overpayment period.

Accordingly, ALJ has supported her decision that Plaintiff is "at fault" for the overpayment with substantial evidence. Because the Court finds that the ALJ's "at fault" determination was adequately supported, the inquiry is over and the Court need not consider whether the adjustment or recovery would defeat the purpose of the Act or be against equity and good conscious. *Yankun*, 473 F. Supp. 2d at 150.

## IV.    Conclusion

For these reasons, the Court recommends that Plaintiff's Motion for Summary Judgment (#14) be DENIED, Defendant's Motion for Summary Judgment (#15) be GRANTED, and that the Administration's decision be affirmed. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 21st day of August, 2019.

s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE
